IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Hope Varela, | : <br> : <br> : Civil Action No.: 2:15-cv-10205 <br> : <br> : <br> : <br> : **DEMAND FOR JURY TRIAL** <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| Credit Acceptance Corporation, | |
| Defendant. | |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Hope Varela, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Hope Varela ("Plaintiff"), is an adult individual residing in Albuquerque, New Mexico, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Credit Acceptance Corporation ("CAC"), is a Michigan business entity with an address of 25505 West 12 Mile Road, Southfield, Michigan 48034, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. CAC at all times acted by and through one or more of the agents.

## FACTS

6. Within the last year, CAC contacted Plaintiff in an attempt to collect consumer debt allegedly owed by Plaintiff.

7. At all times mentioned herein, CAC called Plaintiff's cellular telephone, number 505-xxx-1967, by using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

8. When Plaintiff answered calls from CAC, she was either met with a prerecorded message stating to please hold, or she was met with a period of silence before the call was disconnected.

9. Plaintiff never provided her cellular telephone number to CAC and never provided her consent to be contacted on her cellular telephone number.

10. Furthermore, during a live conversation with CAC, Plaintiff requested that all communication to her cellular telephone number cease.

11. Despite the foregoing, CAC continued to call Plaintiff on her cellular telephone at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, CAC called Plaintiff on her cellular telephones using an ATDS or predictive dialer and a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. CAC's telephone systems have some earmarks of a Predictive Dialer.

16. Often times when Plaintiff answered the phone, she was met with a period of silence before CAC's telephone system would disconnect the call.

17. CAC's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. CAC called Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by CAC was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from CAC to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 20, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Hope Varela
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com